**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| **LOCATION BASED SERVICES, LLC** <br><br> Plaintiff, <br><br> v. <br><br> **BOOKING.COM (USA) INC.,** <br><br> Defendant. | Civil Action No.: <br><br><br> **TRIAL BY JURY DEMANDED** |

**COMPLAINT FOR INFRINGEMENT OF PATENT**

Now comes Plaintiff, Location Based Services, LLC ("Plaintiff" or "LBS"), by and through undersigned counsel, and respectfully alleges, states, and prays as follows:

**NATURE OF THE ACTION**

1. This is an action for patent infringement under the Patent Laws of the United States, Title 35 United States Code ("U.S.C.") to prevent and enjoin Defendant Booking.com (USA) Inc. (hereinafter "Defendant"), from infringing and profiting, in an illegal and unauthorized manner, and without authorization and/or consent from Plaintiff from U.S. Patent No 9,702,713 ("the '713 Patent" or the "Patent-in-Suit"), which is attached hereto as Exhibit A and incorporated herein by reference, and pursuant to 35 U.S.C. §271, and to recover damages, attorney's fees, and costs.

**THE PARTIES**

2. Plaintiff is a Texas limited liability company with its principal place of business at 25700 Interstate 45, Suite 4119, The Woodlands, Texas 77386-1364.

3. Upon information and belief, Defendant is a corporation organized under the laws of Delaware, having a principal place of business at 28 Liberty Street – 29th Floor, New York, New York 10005. Upon information and belief, Defendant may be served with process c/o Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301.

1

## JURISDICTION AND VENUE

4. This is an action for patent infringement in violation of the Patent Act of the United States, 35 U.S.C. §§1 *et seq*.

5. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338(a).

6. This Court has personal jurisdiction over Defendant by virtue of its systematic and continuous contacts with this jurisdiction and its residence in this District, as well as because of the injury to Plaintiff, and the cause of action Plaintiff has risen in this District, as alleged herein.

7. Defendant is subject to this Court's specific and general personal jurisdiction pursuant to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in this forum state and in this judicial District; and (iii) having a registered agent in this District.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. §1400(b) because Defendant resides in this District under the Supreme Court's opinion in *TC Heartland v. Kraft Foods Group Brands LLC,* 137 S. Ct. 1514 (2017) through its use of a registered agent in this district, and regular and established place of business in this District.

## FACTUAL ALLEGATIONS

9. On July 11, 2017, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '713 Patent, entitled "MAP-BASED GUIDE SYSTEM AND METHOD" after a full and fair examination. The '713 Patent is attached hereto as Exhibit A and incorporated herein as if fully rewritten.

10. Plaintiff is presently the owner of the '713 Patent, having received all right, title and interest in and to the '713 Patent from the previous assignee of record. Plaintiff possesses all rights of recovery under the '713 Patent, including the exclusive right to recover for past infringement.

11. To the extent required, Plaintiff has complied with all marking requirements under 35 U.S.C. § 287.

12. Claim 2 of the '713 Patent states:

> "2. A method, comprising:
> transmitting a map-based guide request, the map-based guide request including at least an identifier and a search term;
> determining at least one location associated with the map-based guide request;
> identifying if a source of the map-based guide request is entitled to a supported map-based guide;
> receiving a response to the map-based guide request, the response including location data associated with one or more locations; and
> displaying one or more indications of the one or more locations at least partially based on the response,
> wherein at least one of the transmitting, receiving, or displaying is at least partially implemented using one or more processing devices." See Ex. A at Col. 16:37-52.

13. Claim 2 of the '713 Patent is a practical application and inventive step of technology that address the specific computer-centric problem transmitting map-based guide requests.

14. The '713 Patent indicates that one exemplary advantage of its invention of Claim 2 is that a server receives the identifier and can use the identifier to determine the route through a predefined area according to a server-based decision-making process by matching the identifier to an entry on a data store to determine a number of advertiser locations to include within the route. Ex. A at Col. 12:45-50.

15. The '713 Patent provides a robust solution to the previous computer-centric technological problems inasmuch as completes the steps of transmitting a map-based guide request, the map-based guide request including at least an identifier and a search term; determining at least one location associated with the map-based guide request; identifying if a source of the map-based guide request is entitled to a supported map-based guide; receiving a response to the map-based guide request, the response including location data associated with one or more locations; and displaying one or more indications of the one or more locations at least partially based on the response." Ex. A. at Col. 16:37-49.

16. The specific method steps of Claim 2, as combined, accomplish the desired result of providing an improved computer functionality of map-based requests. See generally Ex. A at Ex. A at Col. 12:38-67.

17. Claim 2 of the '713 Patent provides specific non-conventional and non-generic arrangement of known, conventional pieces to overcome an existing problem. The method of Claim 2 provides a method that would work with many types of processing devices.

18. Regarding the specific non-conventional and non-generic arrangements of known, conventional pieces to overcome an existing problem, the method of Claim 2 in the '713 Patent would not preempt all ways of handling map-based requests because Claim 2 requires the map-based guide request including at least an identifier and a search term. Ex. A at Col.16:38-40.

19. There are other ways to effectuate the method for map-based requests. Specifically, the method does not preempt map-based requests because the other methods could eliminate the identifier or eliminate the search term as required by Claim 2 of the '713 patent. Ex. A at Col.16:38-40.

20.     Claim 2 of the '713 Patent provides meaningful details on *how* to implement its method, and thus adds something inventive.  Namely, "*how*" the method of Claim 2 operates in an inventive way is due to identifying if a source of the map-based guide request is entitled to a supported map-based guide; receiving a response to the map-based guide request, the response including location data associated with one or more locations; and displaying one or more indications of the one or more locations at least partially based on the response.

21.     Based on the foregoing assertions, Claim 2 of the '713 Patent provides a non-abstract and an unconventional inventive concept as described in the specification.

22.     In the alternative to the immediately preceding paragraph and at the very least, whether Claim 2 of the '713 Patent provides a non-abstract and an unconventional inventive concept as described in the specification is a genuine issue of material fact that must survive the pleading stage. See *Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121, 1128 (Fed. Cir. 2018) (reversing grant of motion to dismiss).

## **DEFENDANT'S PRODCUT/SYSTEM**

23.     Defendant commercializes, inter alia, methods that perform all the steps recited in at least one claim of the '713 Patent. More particularly, Defendant commercializes, inter alia, methods that perform all the steps recited in Claim 2 of the '713 Patent. Specifically, Defendant makes, uses, sells, offers for sale, or imports a method that encompasses that which is covered by Claim 2 of the '713 Patent.

24.     Defendant offers solutions, such as the "Booking.com web page" (the "Accused System") that is a travel fare aggregator website and travel meta search engine for lodging reservations which also provides a map which illustrates direction to the destination. For example, the Defendant transmits a map-based guide request for finding hotels which also includes a identifier (i.e., identifying the nearest hotels on map) and a search term (i.e., for searing hotels

by putting address and dates). A non-limiting and exemplary claim chart comparing the Accused System of Claim 2 of the '713 Patent is attached hereto as Exhibit B and is incorporated herein as if fully rewritten.

25. As recited in Claim 2, a method utilized by the Defendant by determining at least one location associated with the map-based guide request. On information and belief, the Defendant utilizes a map that determines location of nearest hotels associated with the map-based guide request. See Ex. B.

26. As recited in one step of Claim 2, the method utilized by the Defendant identifies if a source of the map-based guide request is entitled to a supported map-based guide. On information and belief, the Defendant's source of the map-based guide request is entitled to support map-based guide which means map displaying hotels nearby the location of user which has been given in a search term. See Ex. B.

27. As recited in another step of Claim 2, the method utilized by the Defendant receives a response to the map-based guide request, the response including location data associated with one or more locations. Upon information and belief, the user can receive a response to the map-based guide request which includes the location data of one or more hotels. See Ex. B.

28. As recited in another step of Claim 2, the method utilized by the Defendant displays one or more indications of the one or more locations at least partially based on the response. Upon information and belief, the map displays indications of one or more locations which are based on the nearest hotels. See Ex. B.

29. As recited in another step of Claim 2, the method utilized by the Defendant consists of at least one of the transmitting, receiving, or displaying is at least partially

implemented using one or more processing devices. Upon information and belief, processing devices such as smartphones or desktops can be used for transmitting, receiving or displaying a response (i.e., locations of hotels on the map).

30. The elements described in the preceding paragraphs are covered by at least Claim 2 of the '713 Patent. Thus, Defendant's use of the Accused System is enabled by the method described in the '713 Patent.

## **INFRINGEMENT OF THE PATENT-IN-SUIT**

31. Plaintiff realleges and incorporates by reference all of the allegations set forth in the preceding paragraphs.

32. In violation of 35 U.S.C. §271, Defendant is now, and has been directly infringing the '713 Patent.

33. Defendant has had knowledge of infringement of the '713 Patent at least as of the service of the present Complaint.

34. Defendant has directly infringed and continues to directly infringe at least one claim of the '713 Patent by using, at least through internal testing or otherwise, the Accused System without authority in the United States, and will continue to do so unless enjoined by this Court. As a direct and proximate result of Defendant's direct infringement of the '713 Patent, Plaintiff has been and continues to be damaged.

35. On information and belief, Defendant has been under constructive notice of the '713 patent by operation of the Patent Act. Additionally, or in the alternative, upon information and belief, since receiving actual notice of the '713 patent, which, at a minimum, is being provided with this Complaint, Defendant has actively induced, and continues to induce infringement of the '713 Patent in this judicial district, and elsewhere, by intentionally inducing direct infringement of

the '713 Patent, including by aiding or abetting the direct infringement of its end users and/or customers who use the infringing mobile telephone systems described above. Upon information and belief, without limitation, such aiding and abetting comprises advertising, marketing, promoting, and/or providing said mobile telephone systems, and providing instructions for infringing uses by Defendant's customers and/or end users.

36. On information and belief, Defendant's post-notice knowledge that such requirements, advertising, marketing, promoting, offering for sale, and/or selling, inducing its customers and/or end users to infringe, including by purchasing and/or using the accused mobile telephone systems; and Defendant's encouraging acts actually resulted in such infringement. Such induced infringement has occurred at least since Defendant has become aware of the '713 patent, which, at a minimum, is noted above, and is necessarily with the knowledge and awareness that such actions and use by users comprise infringement of the '713 patent.

37. Further, upon information and belief, without limitation, Defendant's infringement of the asserted claims of the '713 patent is clear, unmistakable, and inexcusable, and, on information and belief, without limitation, Defendant is at least aware of such infringement post-actual notice. Such infringement is necessarily willful and deliberate, and Defendant's continuation of its infringing activities post-notice and post-suit is clearly and necessarily willful and deliberate. Without limitation, LBS believes and contends that Defendant's intentional continuance of its clear, unmistakable, and inexcusable infringement of the '713 patent post-notice is, at a minimum, willful, deliberate and/or consciously wrongful.

38. Including on account of the foregoing, LBS contends such post-suit activities by Defendant qualify this as an egregious case of misconduct beyond typical infringement, entitling LBS to enhanced damages. Thus, including based on the foregoing, LBS requests an award of

enhanced damages, including treble damages, pursuant to 35 U.S.C. § 284.

39. By engaging in the conduct described herein, Defendant has injured Plaintiff and is thus liable for infringement of the '713 Patent, pursuant to 35 U.S.C. §271.

40. Defendant has committed these acts of infringement without license or authorization.

41. As a result of Defendant's infringement of the '713 Patent, Plaintiff has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

42. Plaintiff will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court. As such, Plaintiff is entitled to compensation for any continuing and/or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement.

43. Plaintiff reserves the right to modify its infringement theories as discovery progresses in this case; it shall not be estopped for infringement contention or claim construction purposes by the claim charts that it provides with this Complaint. The claim chart depicted in Exhibit B is intended to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure and does not represent Plaintiff's preliminary or final infringement contentions or preliminary or final claim construction positions.

## DEMAND FOR JURY TRIAL

44. Plaintiff demands a trial by jury of any and all causes of action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

a. That Defendant be adjudged to have directly infringed the '713 Patent either literally or under the doctrine of equivalents;

    b.    An accounting of all infringing sales and damages including, but not limited to, those sales and damages not presented at trial;

    c.    That Defendant, its officers, directors, agents, servants, employees, attorneys, affiliates, divisions, branches, parents, and those persons in active concert or participation with any of them, be permanently restrained and enjoined from directly infringing the '713 Patent;

    d.    An award of damages pursuant to 35 U.S.C. §284 sufficient to compensate Plaintiff for the Defendant's past infringement and any continuing or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement, including compensatory damages;

    e.    An assessment of pre-judgment and post-judgment interest and costs against Defendant, together with an award of such interest and costs, in accordance with 35 U.S.C. §284;

    f.    That Defendant be directed to pay enhanced damages, including Plaintiff's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. §285; and

    g.    That Plaintiff be granted such other and further relief as this Court may deem just and proper.

Dated: April 8, 2020    Respectfully submitted,

*/s/ Howard L. Wernow*
Howard Wernow, B.C.S
Fla Bar No. 107560
SAND SEBOLT & WERNOW CO., LPA
4940 Munson Street, N.W.
Canton, Ohio 44718
Telephone: 330-244-1174
Facsimile: 330-244-1173

*Board Certified in Intellectual Property Law by the Florida Bar*

ATTORNEY FOR PLAINTIFF